```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
NANCY RUHLING,

                        Plaintiff,
                                                                    ORDER
            -against-                                               CV 04-2430 (TCP)(ARL)

TRIBUNE COMPANY, et al.,

                        Defendants.
----------------------------------------------------------------X
```

**LINDSAY, Magistrate Judge:**

Before the court are three letter applications from the parties, each of which will be addressed in turn.

By letter application dated July 28, 2005, the defendants seek an order compelling the plaintiff to respond to certain questions posed during her deposition. The questions concern the plaintiff's background and her employment during and since her resignation from Newsday. The plaintiff refused to answer the questions on the ground that the information was personal. In her July 29, 2005 opposition to the letter application, the plaintiff maintains that the information is personal and intended to annoy and embarrass her. The plaintiff also cross-moves for a protective order arguing that the information sought by the defendants concerning her employment will be used "to annihilate Ms. Ruhling's freelance career." The court finds no legitimate basis for the plaintiff's refusal to answer these questions and thus, grants the defendants' July 28, 2005 application and denies the plaintiff's July 29, 2005 cross-motion. The plaintiff is directed to reappear for a deposition at a mutually convenient time to address the questions she refused to answer at her deposition. To alleviate the plaintiff's concerns, however, the defendants are prohibited from contacting the plaintiff's freelance employers without a court order.[1]

Also before the court is the plaintiff's August 4, 2005 letter application seeking leave to conduct seven additional depositions. The defendants' oppose the application by letter dated August 8, 2005, arguing that the plaintiff has not provided a justifiable reason for conducting the deposition. The court agrees. The only argument propounded by the plaintiff is her statement that the seven deponents are current management level employees that have "personal knowledge of the matters herein." The court will not grant the application based on this scant argument. Accordingly, the plaintiff's application is denied, with leave to renew if the plaintiff can establish the need for all seven depositions. The renewed application should set forth the specific information being sought from each additional deponent and explain why the information could not be obtained in prior depositions.

Finally, the defendants have submitted a letter application dated August 10, 2005, seeking

---

[1] The defendants' request to submit a reply to the defendants' opposition is denied.

the court's assistance in resolving a dispute concerning the location of the deposition of Ms. Abrutyn, who is no longer employed by the defendants. Although the plaintiff may still respond to the application, the court notes that there appears to be no reason why the parties cannot accommodate Ms. Abrutyn's request to hold the deposition in New York City given her current work and vacation schedule.

Dated: Central Islip, New York  **SO ORDERED:**
       August 11, 2005

_____/s/_____
ARLENE R. LINDSAY
United States Magistrate Judge

2