UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
NANCY RUHLING,

        Plaintiff,

                   **ORDER**
   -against-             CV 04-2430 (TCP)(ARL)

TRIBUNE COMPANY, et al.,

        Defendants.
---------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

   Before the court is the plaintiff's letter dated November 10, 2005, seeking to clarify the undersigned's November 2, 2005 order. The plaintiff is correct that although the November 2nd order provides that the "deposition [of Mr. Madigan] must take place in Illinois," the deposition may be taken by telephone. Local Civil Rule 30.3 provides that"[t]he motion of a party to take the deposition of an adverse party by telephone will presumptively be granted." Here, the plaintiff has argued that the cost associated with traveling to Illinois would be an extreme hardship. In contrast, the defendants argue that the deposition must be conducted in a manner to ensure accuracy because the transcript is likely to be read to the jury. The court finds the defendants' argument to be disingenuous especially given the defendants' repeated argument that Mr. Madigan has no knowledge of the allegations made in the complaint, and thus, very little, if anything, to offer. Accordingly, the plaintiff's application to depose Mr. Madigan upon his return to Illinois, by telephone, is granted. The defendants shall provide the plaintiff with the date that Mr. Madigan is expected to return so that a telephone deposition can be scheduled at a mutually agreeable time upon his return to Illinois even if that date is after the discovery cut-off.

   Also before the court is the plaintiff's letter application dated November 21, 2005, seeking to compel Stuart Levin, a former Newsday employee, to appear for a deposition. The undersigned

granted the plaintiff leave to take Mr. Levin's deposition by order dated September 1, 2005. On

October 31, 2005, counsel for the defendants notified the plaintiff's counsel that they would not

be representing Mr. Levin and thus provided the plaintiff with his address. The plaintiff served

Mr. Levin with a subpoena by service upon his wife at his home and by mailing the subpoena by

first class mail. Although, Mr. Levin now acknowledges being in receipt of the witness fee and

the subpoena, initially he did not appear for the deposition claiming that he was not served with a

subpoena. Thereafter, counsel for the defendants agreed to represent Mr. Levin at the deposition

and have further agreed to produce him after the discovery deadline. Accordingly, the plaintiff's

application to compel Mr. Levin to appear for a deposition is granted. The deposition is to be

conducted by December 9, 2005.


Dated: Central Islip, New York
      November 28, 2005

**SO ORDERED:**


_____/s/_____
ARLENE R. LINDSAY
United States Magistrate Judge